IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DIONTAI L. MOORE,

      Defendant.

Criminal No. 14-0110
ELECTRONICALLY FILED

## Order on Motion in Limine

**I.    Introduction**

Pending before this Court is the Government's Motion in Limine wherein it seeks to exclude the introduction of three (3) of Defendant's proposed Trial Exhibits: (1) a civil complaint by Leon Ford against Officer Miller (Defense Exhibit A); (2) a civil complaint by William Everetts (Defense Exhibit B); and (3) a December 8, 2014 Letter from the Assistant United States Attorney informing Defense Counsel of two (2) "non-punitive" actions involving Officer Miller after the Leon Ford incident (Defense Exhibit C).

The Government seeks to exclude all three (3) exhibits and any evidence related thereto from the trial of this matter on the basis of relevance, hearsay/improper impeachment, and under Fed. R. Evid. 404.[1]  Defendant counters that the evidence is relevant and admissible under Fed.

---

[1] Rule 404 states that evidence of a person's character is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait, but also provides that evidence of a witness's character may be admitted under Rules 607, 608 and 609. Rule 608 (discussed below) states that a witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness.

1

R. Evid. 403,[2] and that it qualifies as a business record exception to the hearsay rule under Fed. R. Evid. 803(6).[3]

The Court finds that the exhibits have no relevance to the pending charges against Defendant, and in any event, after conducting the required balancing analysis under Rule 403, the Court finds that the danger of unfair prejudice outweighs any probative value of this evidence. For these reasons, the Court hereby GRANTS the Government's Motion in Limine, except with respect to the second sentence of the December 8, 2014 letter, which is discussed below.

## II. Discussion

Defendant has been charged with Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g) and 924(e). It is important to note that there are *no allegations* that Officer Miller used excessive force on Defendant, and the evidence Defendant seeks to admit relates to alleged facts which are wholly distinguishable from the present case. The two (2) civil complaints (Defense Exhibits A and B) relate to *alleged* (unproven allegations of) use of excessive force in two (2) traffic stops which have no bearing or connection to the charges or the defense in the present case.

Notably, in *United States v. Davis*, 183 F.3d 231 (3d Cir. 1999) the United States Court of Appeals for the Third Circuit held that evidence related to use of force by a police officer (defendant) does not appear to be indicative of truthfulness and instead appeared to show a tendency to do bad acts. In another case cited by the Government, *United States v. Seymour*, 472

---

[2] Rule 403 provides that the Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.
[3] The business record exception to the hearsay rule has several requirements including that the record was made at or near the time by someone with knowledge, it was kept in the course of a regularly conducted activity of a business, making the record was a regular practice of that activities.

F.3d 969 (7th Cir. 2007), which this Court finds to be instructive, the United States Court of Appeals for the Seventh Circuit held similarly, that in a felon-in-possession case, cross-examination of a police officer about unrelated complaints of force is not appropriate. In *Seymour*, the Court of Appeals for the Seventh Circuit conducted an analysis under Fed. R. Evid. 403, and concluded that the use of a report detailing a finding of excessive force (which Defendant sought to introduce during cross-examination) had no probative value, would confuse the jury, and its prejudicial value outweighed its probative effect. As the Court in *Seymour* explained, in affirming the district court's exclusion of this evidence, "Rule 608(b) is explicit that the determination of whether to allow specific instances of conduct to be used to challenge a witness's reputation for truthfulness is committed to the discretion of the district judge, and Rule 403 establishes the standard for the exercise of the judge's discretion in evidentiary matters, which of course includes cross-examination." *Id.* at. 971.

Here, as stated above, Defense Exhibits A and B include two (2) civil complaints of alleged excessive force during traffic stops and have no relevance to the case at hand. Rather, these complaints raise issues of alleged excessive force in the context of traffic stops. These unproven allegations of excessive force have no relevance to the proceedings at hand, meaning they have no probative value. Additionally, the introduction of the two civil complaints, with such limited evidentiary value, would merely create a sideshow of issues unrelated to the charges before this Defendant, *and most importantly,* are unrelated to the officer's credibility and reputation for truthfulness. Moreover, under Rule 403, the danger of unfair prejudice and a confusion of the issues in this case also councils against introduction of these two civil complaints and any evidence related thereto.

The last exhibit which the Government seeks to exclude (Exhibit C) is a December 8, 2014 Letter written by Government Counsel to Defense Counsel in which Government Counsel outlines certain "additional facts concerning Officer Miller." According to Defendant, this evidence should be admitted because Officer Miller allegedly testified at the Suppression Hearing in a manner which was inconsistent with the facts set forth in the Letter.

A review of Officer Miller's testimony at the Suppression Hearing reveals the following queries and responses:

> Q: Isn't it true, sir, that you have a reputation for just grabbing a suspect when you think you see a bulge?
>
> A Are you asking me if I personally have it?
>
> Q Um-hum.
>
> A I would say, no.
>
> Q You haven't been sued in the United States District Court in a federal civil lawsuit in the Leon Ford case for excessive force?
>
> A I have been, yes.
>
> Q Okay. And in fact, you've been reprimanded or punished by the Department; correct?
>
> A That is not true.
>
> Q And you haven't had to receive remedial training on these type of stops by the Pittsburgh Police?
>
> A Absolutely not.

Doc. No. 45 at 18.

After reviewing the totality of the contents of the Letter (Defense Exhibit C) and comparing it to the above sworn testimony, the Court finds that there is nothing inconsistent in Officer Miller's testimony which would affect any credibility determination and/or that could be properly used for impeachment. According to the Letter, "after the Leon Ford arrest, Officer Miller was placed on paid administrative leave for 2 to 3 days, in accordance with normal policy following a critical incident. This leave was not punitive." Officer Miller's testimony at the Suppression Hearing was not even arguably inconsistent with the statement in the Letter.

The last two sentences of the Letter state as follows: "Second, Officer Miller was ordered to undergo a few hours of re-training on felony traffic stops. This re-training was [] not punitive." Again, at the Suppression Hearing, Officer Miller testified that he did not receive "remedial training on these types of stops by the Pittsburgh Police." Doc. No. 45 at 18. Although this testimony was at most a minor inconsistency, it would not appear to be an impeachable statement. However, in an exercise of this Court's discretion, the Court will permit Defense Counsel to query Officer Miller on cross-examination with respect to "Second" sentence of the Letter. Specifically, on cross-examination, Defense Counsel may conduct a limited query of Office Miller, which shall be confined to the following: "Did you receive any re-training relating to felony traffic stops?" If Officer Miller testifies in a manner inconsistent with the Letter, Defense Counsel may seek for impeachment purposes only the introduction of only the last two (2) lines of the December 8, 2014 Letter (the rest of the contents of the letter must be redacted).

## III. Conclusion

For the reasons set forth hereinabove, the Government's Motion in Limine (doc. no. 52) is GRANTED with the exception of the limited area of cross-examination identified immediately hereinabove.

**SO ORDERED** this 23rd day of December, 2014.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: All Registered ECF Counsel and Parties